**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530-0001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On July 7, 2016, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation, a component of Defendant, seeking the following:

> 1. Any and all FD-302 forms prepared pursuant to the Federal Bureau of Investigation's investigation of former Secretary of State Hillary Clinton's use of a private e-mail server during her tenure.
>
> 2. Any and all records of communications between any agent, employee, or representative of the Federal Bureau of Investigation regarding, concerning, or related to the aforementioned investigation. This request includes, but is not limited to, an[y] related communications with any official, employee, or representative of the Department of Justice, the Executive Office of the President, the Democratic National Committee, and/or the presidential campaign of Hillary Clinton.
>
> 3. Any and all records regarding, concerning, or related to the meeting between Attorney General Lynch and former President Bill Clinton on June 27, 2016.

The request was submitted by certified mail and email.

6. By three letters dated July 15, 2016, Defendant acknowledged receipt of Plaintiff's FOIA request. Defendant assigned FOIAPA Request No. 1354023-000 to part one of Plaintiff's FOIA request. Defendant assigned FOIAPA Request No. 1354029-000 to part two of

Plaintiff's FOIA request.  Defendant assigned FOIAPA Request No. 1354040-000 to part three of Plaintiff's FOIA request.

7.     By letter dated August 3, 2016, Defendant advised Plaintiff that part one of its request, which had been assigned FOIPA Request No. 1354023-000, was being "closed administratively."  The letter also stated, "The material responsive to FOIA request 1354023-000 will be processed in FOIA 1354043-000, as they share the same information.  Responsive 302 forms will be processed within the request for any and all materials concerning the e-mail server investigation."  The letter advised Plaintiff that it could appeal to the Director of Defendant's Office of Information Policy.  Plaintiff did not submit FOIPA Request No. 13545043-000 and does not know when it was submitted, who submitted it, or what records were requested.

8.     On or about September 1, 2016, Defendant sent Plaintiff a letter regarding FOIPA Request No. 1354043-000.  The letter began, "This is in response to your Freedom of Information Act (FOIA") request," although Plaintiff's request is FOIPA Request No. 1354023-000 and Defendant previously informed Plaintiff that FOIPA Request No. 1354023-000 had been closed.  The letter continued, "Records responsive to your request are currently being processed."  The letter informed Plaintiff that an "interim release" of information was being posted on Defendant's public website.  It also advised Plaintiff that Plaintiff could appeal to the Director of Defendant's Office of Information Policy although, again, Plaintiff did not submit FOIPA Request No. 1354043-000.

9.     On or about September 6, 2016, Plaintiff appealed the administrative closing of its request, FOIPA Request No. 1354023-000, to the Director of Defendant's Office of Information Policy.

10. By letter dated September 15, 2016, Defendant acknowledged receiving Plaintiff's appeal on September 12, 2016.  Plaintiff has received no further word from Defendant regarding the appeal.

11. As of the date of this Complaint, Defendant has failed to: (i) gather and review all the records requested by Plaintiff; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).  Defendant also has failed to make a determination with respect to Plaintiff's appeal.  5 U.S.C. § 552(a)(6)(A)(ii).

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14. Because Defendant failed to determine whether to comply with Plaintiff's request and/or determine whether to comply with Plaintiff's appeal within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-

exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 13, 2016                                Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*