IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-cv-2046 (TSC) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated October 16, 2017, Plaintiff Judicial Watch ("Plaintiff") and Defendant United States Department of Justice ("Defendant") submit the following Joint Status Report:

The FBI has continued to process the Hillary Clinton investigative file and to make monthly releases of all non-exempt information to its electronic FOIA library ("The Vault"). Since the parties' last Joint Status Report filed on January 15, 2018, *see* ECF No. 11, the FBI has made three monthly productions and has processed 1,584 pages.[1]  Specifically, the FBI has:

(1) Production #17, Vault Part 18 (February 2, 2018): processed 506 pages, of which 7 pages were produced in whole or in part and 499 pages were sent for consultation to other government agencies ("OGAs");

(2) Production #18, Vault Part 19 (March 5, 2018): processed 557 pages, of which 86 pages were produced in whole or in part, 13 pages were withheld in full pursuant to FOIA exemption(s), 75

---

[1] In the last Joint Status Report, the parties represented to the Court that, in "Production #14, Vault Part 15 (November 3, 2017)," the FBI had withheld 232 pages in full pursuant to a FOIA Exemption(s) and sent 163 pages for consultation. *See* Joint Status Report, ECF No. 11, at 1. The correct numbers for Production #14 are: 233 pages withheld in full pursuant to a FOIA Exemption(s) and 162 pages sent for consultation.

>   pages were withheld because they are duplicates, and 383 pages were sent for consultation to OGAs; and
>
> (3) Production #19, Vault Part 20 (April 6, 2018): processed 521 pages, of which 247 pages were produced in whole or in part, 2 pages were withheld because they are duplicates, and 272 pages were sent for consultation to OGAs.

For each of these productions, the FBI advised Plaintiff in writing that all non-exempt, releasable records for each month had been released to The Vault (340 pages). The processed pages that were not released were determined to be duplicative of documents previously processed in this case (77 pages), were withheld in full pursuant to FOIA exemptions (13 pages), or were sent to OGAs for consultation before final disclosure determinations are made (1,154 pages).

Moreover, the FBI is continuing to process for production/withholding or for consultation to other agencies at least 500 pages per month of records in the Clinton investigative file. The FBI will continue to make rolling, monthly productions of all non-exempt records, or non-exempt portions of records, on or before the first Friday of every month. For purposes of this case, the FBI anticipates that it will conclude processing the records in the Clinton investigative file for production/withholding or for consultation to other agencies in approximately three months, subject to any pending consultations to other government agencies. The next production will be made on or before May 4, 2018.

Finally, with respect to the third part of Plaintiff's FOIA Request (FOIAPA Request No. 1354040-000) seeking "[a]ny and all records regarding, concerning, or related to the meeting between Attorney General Lynch and former President Bill Clinton on June 27, 2016," by e-mail dated April 11, 2018, the FBI notified Plaintiff's counsel that it has decided to conduct additional searches to determine if potentially responsive documents may exist. Given that the FBI is currently conducting those searches, the parties agree that Defendant will provide further

information to Plaintiff and the Court regarding whether any potentially responsive records were found and, if so, when does the FBI anticipate that it will be able to conclude processing and producing any non-exempt, responsive material.

FBI will file an Interim Status Report by May 4, 2018, providing an update on the status of the additional searches of the third part of the request. And, pursuant to the Court's October 16, 2017 Minute Order, the parties will file their next routine joint status report on July 16, 2018.

Plaintiff's Additional Statement:

In their January 15, 2018 Joint Status Report, the parties informed the Court:

> "With respect to the third part of Plaintiff's FOIA Request (FOIAPA Request No. 1354040-000) seeking "[a]ny and all records regarding, concerning, or related to the meeting between Attorney General Lynch and former President Bill Clinton on June 27, 2016," the FBI released all reasonably segregable non-exempt information to Plaintiff on November 30, 2017. Specifically, the FBI processed 29 pages of responsive records and released all pages in whole or in part, with exempt information redacted pursuant to FOIA Exemptions (b)(5), (b)(6), and/or (b)(7)(C)."

Since then, it has come to Plaintiff's attention that records responsive to this part of Plaintiff's FOIA request have been located by the FBI but have not been produced to Plaintiff. Specifically, it is Plaintiff's understanding that at least two text messages between Peter Strzok, the Chief of the Counterespionage Section at the FBI during the Clinton Investigation, and Lisa Page, a FBI lawyer who also worked on the investigation, that contain the word "tarmac" and the phrase "tarmac meeting." In February, Plaintiff notified the FBI's counsel about this issue. In addition, Plaintiff asked why the FBI has not produced at least the two records to Plaintiff and when the FBI intended to produce the records to Plaintiff. In response, FBI's counsel said that the FBI was not obligated to respond to the questions. This remained the FBI's position until shortly after 12:00 p.m. on April 16, 2018, the day this status report was due.

It is irrelevant whether Plaintiff gained access to the records elsewhere. The FBI has an obligation to produce all non-exempt, responsive records to Plaintiff. Two of the text messages contained in Exhibit A are indisputably responsive. However, the document the FBI attaches as Exhibit A is the document Plaintiff produced to the FBI. Plaintiff gained access to the document on the Senate Judiciary's website. Plaintiff therefore does not know whether the record – and the specific text messages – is a complete, accurate, or authentic record of the FBI. Nor does the FBI state whether the record is a complete, accurate, or authentic record of the FBI.

The FBI's last-minute effort to prevent this issue being presented to the Court does not change anything. For whatever reason, the FBI remains coy about the document and refuses to affirmatively state and inform both the Court and Plaintiff its position. Are they responsive records? Are they agency records? Why does the FBI not believe it needs to produce the records to Plaintiff? If the FBI does not believe they need to produce the text messages to Plaintiff, why – on the day this report was due – did the FBI finally decide to produce the records "without conceding" they are non-exempt, responsive records? Plaintiff respectfully requests a status conference to address this issue.

Defendant's Response to Plaintiff's Additional Statement:

A status conference is unnecessary at this stage. To be clear, Plaintiff is already in possession of the two text messages between Mr. Strzok and Ms. Page containing the word "tarmac," which the FBI is including as an exhibit for the Court's reference. *See* Exhibit A. When Plaintiff's counsel contacted the FBI about these two text messages, the FBI made clear that, even assuming *arguendo* that these text messages are responsive agency records subject to FOIA, the FBI is not aware of any other text messages between Mr. Strzok and Ms. Page— beyond the two text messages already in possession of Judicial Watch—that would reference the

tarmac meeting.  Indeed, none of the other text messages exchanged between them prior to the search cut-off date in this case (*i.e.*, October 2016) that have been produced to Congress and Congress has released to the public contain any references to the meeting.  But, to address Plaintiff's concerns, and without conceding that the text messages are responsive agency records subject to FOIA, the FBI hereby commits to processing and producing to Plaintiff the two text messages in the upcoming days.  Finally, as indicated above, the processing stage of this case likely will conclude in short order and Plaintiff is, of course, free to challenge the adequacy of FBI's search in this case as part of a briefing schedule.  The FBI would respectfully submit that, given its ongoing compliance with the Court's processing order, a status conference to address issues related to the adequacy of a search (or the attached text messages that FBI will produce and Plaintiff already possesses) would be premature, unnecessary, and a distraction from the timely processing and completion of responsive records.

Dated:  April 16, 2018                               Respectfully submitted,

                                                     CHAD A. READLER
                                                     Acting Assistant Attorney General

*/s/ Michael Bekesha*
Michael Bekesha (DC Bar No. 995749)                  JESSIE K. LIU
JUDICIAL WATCH, INC.                                 U.S. Attorney for the District of Columbia
425 Third Street, S.W., Suite 800
Washington, DC 20024                                 ELIZABETH J. SHAPIRO
(202) 646-5172                                       Deputy Director, Federal Programs Branch

*Counsel for Plaintiff*
                                                     */s/ Cesar A. Lopez-Morales*
                                                     CESAR A. LOPEZ-MORALES
                                                     Trial Attorney, MA Bar No. 690545
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     20 Massachusetts Avenue, N.W.
                                                     Washington, D.C. 20530
                                                     (202) 305-8550 (office); 616-8460 (fax)
                                                     cesar.a.lopez-morales@usdoj.gov

                                                     *Counsel for Defendant*