**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-2046 (TSC) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h)(1), Defendant United States Department of Justice ("Department") respectfully submits the following statement of material facts as to which there is no genuine issue:

1.    By certified mail and electronic mail dated July 7, 2016, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI") seeking records pertaining to:

    a.  Any and all FD-302 forms prepared pursuant to the Federal Bureau of Investigation's investigation of former Secretary of State Hillary Clinton's use of a private e-mail server during her tenure.

    b.  Any and all records of communication between any agent, employee, or representative of the Federal Bureau of Investigation regarding, concerning, or related to the aforementioned investigation. This request includes, but is not limited to, and [*sic*] related communications with any official, employee, or representative of the Department of Justice, the Executive Office of the President the Democratic National Committee, and/or the presidential campaign of Hillary Clinton.

    c.  Any and all records regarding, concerning, or related to the meeting between Attorney General Lynch and former President Bill Clinton on June 27, 2016.

Declaration of Amie Marie Napier ("Napier Decl.") ¶ 6; *see* Compl. ¶ 5.

2.    The FBI conducted a search and completed its final production of responsive records on April 16, 2025.  Napier Decl. ¶ 19 & Ex. M.

1

3.      The FBI withheld 169 pages from its production in full citing FOIA Exemptions 6 and 7(C), 5 U.S.C. § 552(b)(6), (7)(c).  Napier Decl. ¶ 4 & Ex. N.

4.      The FBI withheld only portions of the 169 pages based on FOIA Exemptions 6 and 7(C); no record was withheld in full solely on the basis of Exemptions 6 and 7(C).  Napier Decl. ¶¶ 22, 54–63 & Ex. N.

5.      The FBI did not withhold any portion of information from the 169 pages withheld in full based under FOIA Exemption 5.  Napier Decl. ¶ 4 n.1 & Ex. N.

6.      Each of the 169 pages were withheld in full based on FOIA Exemptions 1, 3, 7(E), or a combination of those exemptions.  Napier Decl. ¶ 4 & Ex. N; *see* 5 U.S.C. § 552(b)(1), (3), 7(E).

7.      Citing FOIA Exemption 1, the FBI withheld the following categories of classified information contained within the 169 pages:  (a) classified file numbers; (b) the targets of foreign counterintelligence; and (c) information related to foreign relations or foreign activities of the Untied States, including confidential sources.  Napier Decl. ¶¶ 30–39.

8.      The information withheld based on Exemption 1 was classified at the "Secret" level pursuant to Executive Order 13526.  Napier Decl. ¶¶ 33, 35, 37, 39.

9.      Citing FOIA Exemption 3, the FBI withheld federal grand jury information specifically exempted from disclosure by Federal Rule of Criminal Procedure 6(e) contained within the 169 pages withheld in full.  Napier Decl. ¶¶ 41–46.

10.     Citing FOIA Exemption 3, the FBI withheld information that would reveal intelligence sources and methods specifically exempted from disclosure by Section 102A(i)(1) of the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevention Act of 2004, contained within the 169 pages withheld in full.  Napier Decl. ¶ 47–50.

11.     Each of the 169 pages withheld in full over which the FBI cited Exemption 6 or 7(C) were compiled for law enforcement purposes.  Napier Decl. ¶ 51.

12.     Citing FOIA Exemptions 6 and 7(C), the FBI withheld the portions of the 169 pages withheld in full to prevent disclosure of the names, social security numbers, residence addresses, telephone numbers, personal email addresses, financial/banking information, professional titles, or other identifying information of five categories of individuals: (a) FBI special agents, other FBI professional staff, and other non-FBI federal government personnel who provided information; (b) third-party individuals who provided information to the FBI during the investigation; (c) individuals who were merely mentioned in the withheld pages; (d) individuals who were of investigative interest to the FBI; and (e) employees of commercial institutions that provided assistance to the FBI during its investigation.  Napier Decl. ¶¶ 52–66.

13.     The FBI determined that release of the information it withheld based on FOIA Exemptions 6 and 7(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy that was not outweighed by the public's interest in disclosure of that information. Napier Decl. ¶¶ 54, 58–66.

14.     The FBI concluded that disclosing the identifying information it withheld under FOIA Exemptions 6 and 7(C) would foreseeably cause harm and an unwarranted risk to the privacy of the named individuals.  Napier Decl. ¶ 77.

15.     Citing FOIA Exemption 7(E), the FBI withheld from the 169 pages sensitive investigative file numbers, information that would disclose the identity of methods used to collect and analyze information in its investigations, and sensitive investigative techniques used to conduct national security investigations.  Napier Decl. ¶¶ 67–76.

16.    The FBI concluded that disclosing the information it withheld under FOIA Exemption 7(E) could reasonably be expected to risk circumvention of the law.  Napier Decl. ¶ 77.

17.    The FBI reviewed the 169 withheld-in-full pages to determine whether additional non-exempt information could be segregated and released.   Napier Decl. ¶ 78.

18.    The FBI reasonably concluded that all information on the 169 pages withheld in full was either fully covered by FOIA Exemptions 1, 3, or 7(E), and release of any exempt information would trigger foreseeable harm to one or more of these FOIA exemptions, or determined that any non-exempt information on these pages was so intertwined with exempt material that no information could be reasonably segregated for release.  Napier Decl. ¶ 78.

Dated: March 23, 2026                                    Respectfully submitted,

                                                        BRETT A. SHUMATE
                                                        Assistant Attorney General
                                                        Civil Division

                                                        ELIZABETH J. SHAPIRO
                                                        Deputy Director, Federal Programs Branch

                                                        */s/ Jacob S. Siler*
                                                        JACOB S. SILER (D.C. Bar No. 1003383)
                                                        Trial Attorney
                                                        U.S. Department of Justice
                                                        Civil Division, Federal Programs Branch
                                                        1100 L Street, N.W.
                                                        Washington, D.C. 20005
                                                        Tel: (202) 353-4556
                                                        Fax: (202) 616-8470
                                                        jacob.s.siler@usdoj.gov

                                                        *Counsel for the Defendant*